**WO**                                                                                           KM

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Wayne M. Miller,                              )   No. CV 07-1461-PHX-MHM (BPV)
                                              )
             Petitioner,                      )   **ORDER**
                                              )
vs.                                           )
                                              )
                                              )
Carson McWilliams, et al.,                    )
                                              )
             Respondents.                     )
                                              )
_____              )

        Petitioner Wayne M. Miller, who is confined in the Arizona State Prison Complex-Florence, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee.  On October 4, 2007, Petitioner filed an Amended Petition. On October 10, 2007, the Court dismissed the Petition, and on October 24, 2007, the Court dismissed the Amended Petition with leave to amend.  Petitioner filed a Second Amended Petition (Doc. #10) on November 28, 2007.  The Court will require an answer to the Second Amended Petition.

**I.      Second Amended Petition**

        Petitioner was convicted in Pinal County Superior Court, case #CR 98024514, of aggravated assault,  and was sentenced to a 10-year term of imprisonment.  In his Second Amended Petition, Petitioner names Carson McWilliams as Respondent and the Arizona Attorney General as an Additional Respondent.  Petitioner raises the following grounds for relief:

1    (1) "Directed Verdict: the trial court committed fundamental error when it instructed
2    the jury that the issue of justification or self defense or defense of a third person applied only
3    to the driver. . ." (Doc. #10-2 at 10.)

4    (2) "The trial Court's instruction to the jury preventing the defendant from asserting
5    justification as a defense against injury to an innocent third person was also fundamental
6    error."
7    (Doc. #10-2 at 11.)

8    (3) "The trial court erred in proceeding to deal with fundamental jury questions in
9    absence of defendants trial counsel who was aware of the issues involved when settling the
10   instructions." (Doc. #10-2 at 12.)

11   (4) "The trial court improperly sentenced the defendant to an aggregated term for
12   unlawful and inappropriate aggravating circumstances. Denial of Due process." (Doc. #10-2
13   at 13.)

14   (5) " The trial court failed to properly instruct the jury based on transferred intent . .
15   . thereby constituting fundamental error . . .violates the 6th U.S. Amendment." (Doc. #10-2
16   at 14.)

17   (6) "The State Court violated the Defendant's 6th Amendment right to self
18   representation, structural error." (Doc. #10-2 at 15.)

19   (7) "The unconstitutional error of the law of the case denied the defendant due process
20   and a fair trial." (Doc. #10-2 at 16.)

21   (8) "The Sixth and Fourteenth Amendment Prohibition on the knowing use of material
22   perjury, starting at the Grand Jury and continuing throughout the trial." (Doc. #10-2 at 17.)

23   (9) "Conviction obtained by action of petite jury which was unconstitutionally
24   selected or impaneled." (Doc. #10-2 at 18.)

25   (10) "Conviction obtained by the unconstitutional failure of the prosecutor to disclose
26   relevant exculpatory and impeachment evidence or the destruction of same evidence
27   foreclosing discovery to the defendant. . .under the 5, 6, 14 U.S.C.A. Amendment." (Doc.
28   #10-2 at 19.)

1      (11) "Sixth Amendment, Due Process Right to a Speedy Trial was violated by the

2  state court taking three years and seven months and the suppression of most relevant,

3  exculpatory evidence and witnesses."  (Doc. #10-2 at 20.)

4      (12) ". . . The Appellate court should reverse this unconstitutional conviction for

5  failing to prove intent."  (Doc. #10-1 at 3.)

6      (13) "Was the Defendant's constitutional right to a self defense instruction violated?

7  . . .violates the second amendment."  (Doc. #10-3 at 2.)

8      (14) "Whether the jury instructions were so erroneous as to rise to the level of

9  constitutional error? Clear error, violated due process and a fair trial."  (Doc. #10-3 at 3.)

10      (15) "Whether the Defendant's constitutional right to challenge the jury selection was

11  violated causing the Defendant to have to stand trial with an unconstitutional jury." (Doc.

12  #10-3 at 4.)

13      (16) "The Court['s failure to give a lesser included offense instruction of simple

14  assault where the supposed victim was superficially injured. . ."  (Doc. #10-3 at 5.)

15      (17) " The Defendant[']s constitutional right to have the jury instructed on as many

16  theories of defense as are in the record was violated.  Violation of the 6th and 14th U.S.C.A."

17  (Doc. #10-3 at 6.)

18      (18) " The state's failure to instruct the jury that specific intent to assault the specific

19  individual (injury) is required for conviction of aggravated assault with its 7.5 year

20  presumptive sentence."  (Doc. #10-3 at 7.)

21      (19) "The Arizona State universal tests for conclusive proof of aggravated assault as

22  were used in this case consisting of 'they were scared' or 'they were injured' are

23  unconstitutional."   (Doc. #10-3 at 8.)

24      (20) "Constitutional right only to be tried on a grand jury indictment . . .the court

25  abused its discretion and committed reversible constitutional error by refusing to remand

26  back to the grand jury."  (Doc. #10-3 at 9.)

27      (21) "The Defendant's constitutional right to present and have the jury consider all

28  the relevant evidence on all the elements of the offense and that evidence of his voluntary act,

clearly relevant to the issue of whether he acted knowingly and purposely was violated." (Doc. #10-3 at 10.)

(22) "The victim[']s consent, assumption of risk, aiding and abetting and superficial injury as well as the defendant acting in self defense reverses this conviction.  Denial of Due Process."  (Doc. #10-3 at 11.)

(23) "The trial court[']s failure to instruct on the amount of force which can be used in self defense was a denial of due process and a fair trial."   (Doc. #10-3 at 12.)

(24) "Selective prosecution violates due process under the 5th Amendment includes freedom from selective prosecution based on unjustifiable arbitrary standards." (Doc. #10-3 at 13.)

(25) "Because there was only superficial injury here, this aggravated assault conviction is simple assault and the conviction must be reversed." (Doc. #10-3 at 14.)

(26) "Actual innocen[c]e, manifest injustice."  (Doc. #10-3 at 15.)

(27) "This Court should reverse the conviction because of the trial court failure to give an adequate self defense instruction under the federal and state constitutions."  (Doc. #10-3 at 16.)

(28) "Whether the defendant[']s constitutional right to act in self defense was violated? In violation of the second amendment bill of rights."  (Doc. #10-3 at 17.)

(29) "The government's punishment of the defendant because he did what the law plainly allowed him to do is a due process violation of the most basic sort."  (Doc. #10-3 at 18.)

(30) "The jury instructions given at the trial directed the jury to presume that the defendant had the mental states of action intentionally or knowingly upon a finding that the defendant performed the physical act." (Doc. #10-3 at 19.)

(31) "Outrageous government conduct reverses the conviction, clear error."  (Doc. #10-3 at 20.)

(32) "The Portillo instruction on reasonable doubt is unconstitutional and therefore the conviction must be reversed because it reduces the quantum of evidence needed to acquit

a 'real possibility' of innocen[c]e.  When due process requires 'some doubt.'" (Doc. #10-4 at 1.)

(33) "Constitutional right not to be found guilty if the government fails to prove their guilt beyond a reasonable doubt.  Violates 5, 6, 14th U.S.C.A. Amendments." (Doc. #10-4 at 2.)

(34) "Whether the instructions regarding burden of proof were so inherently contradictory and confusing as to rise to the level of constitutional infirmity?" (Doc. #10-4 at 3.)

(35) "Was the Defendant's 4th United States Constitutional Amendment right to be safe and secure in his home and property violated?" (Doc. #10-4 at 4.)

(36) "'Unconstitutional' assault instruction. Vio. Of 5th 6th 14th U.S.C.A., 2nd Amend. Whether the state of Arizona Unconstitutionally gutted the felony assault instruction to where the Defendant committed aggravated assault if he just scared the aggressor?" (Doc. #10-4 at 5.)

(37) "Whether the Court using the 'apprehension' element of aggravated assault. . . to prove the class 3 element of which the Defendant was convicted is reversible error in that it relieved the state's burden of proof?" (Doc. #10-4 at 6.)

(38) "Whether instructing the jury on the doctrine of transferred intent constituted reversible error, as the instruction lessened the state[']s burden to prove elements of the offense. In violation of the 5th 6th 14th U.S.C.A. Amend., Due Process denying a fair trial." (Doc. #10-4 at 7.)

(39) "The Court abused is discretion and committed reversible constitutional error by making the Defendant stand trial on a defective indictment of a 9 to 5 vote and 6 counts of material perjury.  Also left out were the elements of assault for each of the 4 counts." (Doc. #10-4 at 8.)

(40) "Whether the Defendant was denied due process and equal protection by the court refusing to change venue and judge 4 times.  In violation of the 5, 6, 14th U.S.C.A. bill of rights denying a fair trial." (Doc. #10-4 at 9.)

1        (41) "The trial court[']s exclusion of the driver[']s disposition records disallowed the

2   defendant to challenge the reasonable doubt issue of who was the aggressor?  Directed

3   verdict, clear error."  (Doc. #10-4 at 10.)

4        (42) "Whether the jury not having to prove voluntary act as an element of the assault

5   charge denied the defendant due process where the act was reflexive and therefore not a

6   crime? Denial of due process and a fair trial in violation of the 5, 6, 14th U.S.C.A. Amend."

7   (Doc. #10-4 at 11.)

8        (43) "The prosecutor[']s failure to disprove self defense denied the defendant due

9   process and equal protection and a fair trial, denial of due process."  (Doc. #10-4 at 12.)

10        (44) "The verdict was against the weight of the evidence.  Only evidence of self

11   defense; drivers excluded record proved he was aggressor."  (Doc. #10-4 at 13.)

12        (45) "The trial judge unconstitutionally refused to give a definition of "innocent third

13   party" where the entire case turned on this legal definition.  Denial of due process and a fair

14   trial in violation of the 5th 6th 14th U.S.C.A. Amendment."  (Doc. #10-4 at 14.)

15        (46) "Unconstitutional voir dire. Unconstitutional jury.  Court refused to turn over a

16   copy of the jury pool for challenge (3 times).  Defendant[']s voir dire excludes all

17   government affiliates. . ."  (Doc. #10-4 at 15.)

18        (47) "Petitioner's right to have the jury instructed to determine beyond a reasonable

19   doubt guaranteed under the due process clause and the 5th and 14th amendments to the

20   constitution was violated by the deficient instructions."  (Doc. #10-4 at 16.)

21        (48) "The aggravated assault statute is unconstitutionally broad and vague.  In that it

22   uses the 'old' misdemeanor assault element of 'intentionally putting a person in apprehension

23   of physical injury' used prior to the adoption of the new code, for conviction."  (Doc. #10-4

24   at 17.)

25        (49) "Unconstitutional suppression of evidence and witnesses; structural error. Denial

26   of due process, 5, 6, 14th U.S.C.A. vio. Manifest error, abuse of discretion std. Not harmless

27   error."  (Doc. #10-4 at 18.)

28

1     (50) "The Defendant[']s 6th Amendment right to confrontation was violated by the

2     trial court[']s suppression of all impeachment evidence thereby denying him from attacking

3     the victim[']s witnesses credibility, bias and motivations on cross-examination." (Doc. #10-4

4     at 19.)

5     (51) "The Court abused its discretion and denied the defendant[']s 6th amendment

6     right to compulsory process by allowing time for an investigator and allowing the defendant

7     pro se representation and forcing attorney who did nothing." (Doc. #10-4 at 20.)

8     (52) "The petite jury was improperly constituted, improperly selected in violation of

9     statute and the federal jury selection act of 1968; and a violation of the 5, 6, 14th

10    constitutional amendments." (Doc. #10-5 at 1.)

11    (53) "The trial court abused its discretion and committed reversible constitutional

12    error under the 5, 6, 14th amendment by failing to put a cognizable proof statement in the

13    jury instructions, so that the jury would know what it had to prove for each count of the (4)

14    count indictment." (Doc. #10-5 at 2.)

15    (54) "The Court refused to give a Willits instruction for the missing evidence and

16    witnesses.  In violation of the 5, 6, 14th Amendment, the fairness doctrine."  (Doc. #10-5 at

17    3.)

18    (55) "Biased Judge, structural error under the 6th Amendment."  (Doc. #10-5 at 1.)

19    (56) "The Defendant[']s coun[se]l of choice was violated; in violation of the 6th

20    amendment U.S.C.A."  (Doc. #10-5 at 4.)

21    (57) "Prosecutorial misconduct, the prosecutor in his closing argument enflamed the

22    jury that the supposed victim[']s injuries were substantial and 'lets not let him get away with

23    that insult' while refusing to let into evidence the hospital records showing superficial

24    injuries."  (Doc. #10-5 at 5.)

25    (58) "The trial court and prosecutor[']s act of pulling the Defendants 30+ filings

26    lawfully filed over a two year period and with the obvious intent to keep the Defendant from

27    appealing is reversible error, structural error, cause and prejudice standard." (Doc. #10-5 at

28    6.)

(59) "The trial court relied on false information in imposing sentence and vindictively enhanced the petitioner[']s sentence.  In violation of the 5th and 14th Amendments of the United States Constitutions."  (Doc. #10-5 at 7.)

(60) "The Defendants constitutional right to have the jury determine the aggravating factors beyond a reasonable doubt was violated."  (Doc. #10-5 at 8.)

(61) "Ineffective assistance of counsel."  (Doc. #10-5 at 9.)

(62) "The Government[']s refusal to disclose its promise of leniency made to its key witnesses in return for witnesses['] testimony was reversible error."  (Doc. #10-5 at 10.)

(63) "The Defendant[']s constitutional rights to trial by jury was violated by the deficient self defense instruction in this case."  (Doc. #10-5 at 11.)

(64) "Whether the statutory offense definition violates the intent of the legislature and due process under the 5, 6, 14th U.S.C.A. amendment and a fair trial."  (Doc. #10-5 at 12.)

(65) "Whether the state not having to prove a culpable mental state for the supposed dangerous weapon, where it alone changed the crime from simple assault and enhanced the sentence from 6 months maximum to 10 years.  A denial of due process and a fair trial."  (Doc. #10-5 at 13.)

(66) "Whether the court and the prosecutor established unfair and unconstitutional limitations on the defendant[']s self defense thereby directing a guilty verdict and denying due process and a fair trial.  In violation of 5, 6, 14th U.S.C.A. amendment bill of rights."  (Doc. #10-5 at 14.)

Petitioner states that he has presented all of these issues to the Arizona Court of Appeals.  The Court will require Respondents to answer the Second Amended Petition.  28 U.S.C. § 2254(a).

**II.    Warnings**

**A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other

1  relief with a notice of change of address.  Failure to comply may result in dismissal of this
2  action.

3          **B.     Copies**

4          Petitioner must serve Respondents, or counsel if an appearance has been entered, a
5  copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a
6  certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Petitioner
7  must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to
8  comply may result in the filing being stricken without further notice to Petitioner.

9          **C.     Possible Dismissal**

10          If Petitioner fails to timely comply with every provision of this Order, including these
11  warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,
12  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
13  comply with any order of the Court).

14  **III.    Motion for Bond on Appeal**

15          On December 5, 2007, Petitioner filed a Motion for Bond on Appeal in which he
16  requests that he be released in exchange for posting a $250,000 bond.  Release on bail should
17  be granted to a prisoner pending post-conviction habeas review only when the petitioner has
18  raised substantial constitutional claims upon which he has a high probability of success on
19  the merits or in extraordinary cases involving exceptional circumstances which make
20  granting of bail necessary to the effectiveness of the habeas remedy.  Land v. Deeds, 878
21  F.2d 318 (9th Cir. 1989).

22          It is inappropriate to release a petitioner on bond even when the petition makes out
23  a clear case for his release.  Something more than a meritorious claim is required before
24  release on bond is justified.  Benson v. California, 328 F.2d 159, 162 (9th Cir. 1964).

25          There are thousands of prisoners confined in state prisons, any of whom, with
            a little assistance from their cell mates, would have no difficulty in drafting a
26          petition for writ of habeas corpus which would allege substantial violations of
            constitutional rights.  We do not propose, by ruling in this case, to open the
27          door to the release of those thousands of prisoners on the basis of mere
            allegations in their petitions.
28
    Id. at 162-163 n.2.

1    The Court finds that Petitioner has not raised substantial constitutional claims upon

2  which he has a high probability of success on the merits, nor has he demonstrated exceptional

3  circumstances necessitating granting bail.  Accordingly, the Court will deny Petitioner's

4  Motion for Bond on Appeal.

5  **IT IS ORDERED:**

6    (1)   The Clerk of Court must serve a copy of the Second Amended Petition (Doc.

7  #10) and this Order on the Respondent and the Attorney General of the State of Arizona by

8  certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

9    (2)   Respondents must answer the Second Amended Petition within 40 days of the

10  date of service.  Respondents must not file a dispositive motion in place of an answer but

11  may file an answer limited to relevant affirmative defenses, including but not limited to,

12  statute of limitations, procedural bar, or non-retroactivity.  If the answer is limited to

13  affirmative defenses, only those portions of the record relevant to those defenses need be

14  attached to the answer.  Failure to set forth an affirmative defense in an answer may be

15  treated as a waiver of the defense.  Day v. McDonough, 126 S. Ct. 1675, 1684 (2006).  If not

16  limited to affirmative defenses, the answer must fully comply with all of the requirements

17  of Rule 5 of the Rules Governing Section 2254 Cases.

18    (3)   Petitioner may file a reply within 30 days from the date of service of the

19  answer.

20    (4)   This matter is referred to Magistrate Judge Bernardo P. Velasco pursuant to

21  Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a

22  report and recommendation.

23    (5)   Petitioner's December 5, 2007 Motion for Bond on Appeal (Doc. #11) is

24  **denied**.

25    DATED this 25th day of January, 2008.

26

27

28    _____
        Mary H. Murguia
        United States District Judge