IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WAYNE M. MILLER,<br><br>  Petitioner,<br><br>vs.<br><br>CARSON MCWILLIAMS, et al.,<br><br>  Respondents. | No.  CV 07-1461-PHX-MHM (BPV)<br><br>**REPORT AND**<br>**RECOMMENDATION** |

  Presently pending before the Court are Petitioner's "Motion to Enjoin, Es-stop, Remove" (Doc. No. 19) and "Motion to Restore Record" (Doc. No. 20). Respondents have filed no response to the motions, however, no response or reply to Petitioner's Motions shall be ordered as the court finds that neither one is necessary to a fair and just ruling on the pending motions nor would they be of material assistance to the court in considering the Motions. The Magistrate Judge recommends that the Motions be denied for the reason that the requested relief is not warranted as a matter of law.

  In Petitioner's first motion, he alleges that he filed an informal resolution to his counselor stating that "My microwaving must stop" and further complaining of head pain; whereupon Petitioner was placed in maximum security, psychiatrically examined, and placed in hearings to establish the need to medicate Petitioner against his wishes. (Doc. No. 19, at 1-2) Petitioner demands that he be removed to federal custody and taken to the Maricopa County Medical Center. (Id. at 3.) Petitioner

1 argues that he is "firmly convinced that [he] can enjoin civil rights violations (as here)
2 with [his] habeas (unconstitutional conviction) issues for judicial economy and abject
3 necessity and immense importance..."  (Id. at 3.)

4       To the extent that Petitioner is attempting to amend his Petition to add a civil
5 rights claim, Petitioner cannot challenge the conditions of his confinement in this
6 action under 28 U.S.C. § 2254.

7       Habeas corpus is the proper proceeding in which to challenge the legality or
8 duration of confinement.  *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing
9 *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  In contrast, a civil rights action is the
10 proper method for challenging the conditions of a prisoner's confinement. Id. (citing
11 *Preiser*, 411 U.S. at 498-99); *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979)
12 (the proper remedy for complaints challenging conditions of confinement is a civil
13 rights action under 42 U.S.C. § 1983).

14       Although the district court has the discretion to construe a habeas petition
15 which attacks the conditions of confinement as an action pursuant to § 1983, see
16 *Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S.Ct. 407, 409, 30 L.Ed.2d 428 (1971);
17 *Hansen v. May*, 502 F.2d 728, 729-30 (9th Cir. 1974) (a *pro se* litigant whose habeas
18 petition challenges conditions of confinement is "entitled to have his action treated
19 as a claim for relief under the Civil Rights Act."), in this case, Petitioner already has
20 a pending petition under 28 U.S.C. § 2254 which cannot be converted to a civil rights
21 action under 42 U.S.C. § 1983.  Accordingly, the Magistrate Judge recommends that
22 this motion be denied without prejudice to raising this claim under 42 U.S.C. § 1983
23 in a civil rights action.

24       To the extent Petitioner is attempting to enjoin Defendants from forcibly
25 medicating him, and require that he be transferred to a new facility, the Magistrate
26 Judge recommends that the injunction be denied, as it lies outside the issues in suit.

27

28

An injunction is appropriate to grant intermediate relief of the same character as which may be granted finally, and relief is not proper when requested on matters lying wholly outside the issues in suit. *DeBeers Consol. Mines v. United States.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.), amended, 131 F.3d 950 (11th Cir.1997). To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994). Petitioner has not established that relationship. Petitioner's request for an injunction is inappropriate as it lies wholly outside the issues in this suit. Petitioner's motion concerns events that are unrelated to the subject of his complaint and that concerns conduct of persons other than the Defendants. Petitioner's request should therefore be denied.

In Petitioner's second motion, he requests that this Court order the state court "to restore his 30+motions lawfully filed over a two year period and unconstitutionally pulled from the trial record after sentencing..." (Doc. No. 20, at 1) Again, Petitioner has not established a relationship between the injunctive relief requested and the subject of his complaint. Petitioner has not established how this request relates to any of his habeas claims. The cornerstone of the holding in *DeBeers* is that the injunctive relief must be the subject of the provision of a final decree in this suit. *DeBeers Consol. Mines*, 325 U.S. at 220. Restoration of the record is not a form of relief granted under 28 U.S.C. § 2254.

## RECOMMENDATION

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule 1.17(d)(2), Rules of Practice of the United States District Court, District of Arizona, the Magistrate Judge recommends that the "Motion to Enjoin, Es-Stop, Remove" (Doc. No. 19) and "Motion to Restore Record) (Doc. No. 20) be denied without prejudice to raising either claim under 42 U.S.C. § 1983 in a civil rights action.

1   Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections
2  within ten days after being served with a copy of this Report and Recommendation.
3  A party may respond to another party's objections within ten days after being served
4  with a copy thereof.  Fed.R.Civ.P. 72(b).   If objections are filed, the parties should
5  use the following case number: **CV 07-1461-PHX-MHM.**

6   If objections are not timely filed, then the parties' right to *de novo* review by
7  the District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328
8  F.3d 1114, 1121 (9th Cir.) (*en banc*).

9   DATED this 19th day of May, 2008.

_____
Bernardo P. Velasco
United States Magistrate Judge