1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    WAYNE M. MILLER,                    )    No. CV 07-1461-PHX-MHM
                                         )
10                   Petitioner,          )    **ORDER**
                                         )
11   vs.                                 )
                                         )
12                                       )
     CARSON MCWILLIAMS, et al.,          )
13                                       )
                     Respondents.         )
14                                       )
                                         )
15

16

17          Petitioner Wayne M. Miller ("Petitioner") filed a Petition for Writ of Habeas Corpus

18   (the "petition") pursuant to 28 U.S.C. § 2254 on July 30, 2007.  Petitioner has twice amended

19   his petition, on October 4, 2007 and November 28, 2007 (Dkt. #7, Dkt. #10).  Petitioner filed

20   a Motion to Enjoin, Es-stop, Remove (Dkt. #19) on March 11, 2008 and a Motion to Restore

21   Record" (Dkt. #20) on March 24, 2008.  This matter was referred to Magistrate Judge

22   Bernardo P. Velasco who issued a Report and Recommendation on May 19, 2008,

23   recommending that the Court deny both of Petitioner's motions without prejudice.  Petitioner

24   filed his objections to the Report and Recommendation on June 2, 2008 (Dkt. #26).

25   Respondents have not filed any opposition to the Report and Recommendation.  Petitioner

26

27

28

1  has since filed an additional motion, Motion to Consider Exhibits in Totality, on September

2  3, 2008 (Dkt. #34, 36).[1]

3  **STANDARD OF REVIEW**

4  The District Court must review the Magistrate Judge's findings and recommendations

5  de novo if objection is made but not otherwise. United States v. Reina-Tapia, 328 F.3d 1114,

6  1121 (9th Cir. 2003)(en banc); See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall

7  make a de novo determination of those portions of the report or specified proposed findings

8  or recommendations to which objection is made"). "Failure to object to a magistrate judge's

9  recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207

10  F.3d 557, 562 n. 2 (9th Cir. 2000).

11  **DISCUSSION**

12  The Magistrate Judge recommended that Petitioner's Motion to Enjoin, Es-stop,

13  Remove and Motion to Restore Record be denied without prejudice. (Dkt. #25).   In

14  opposition to the Magistrate Judge's Report and Recommendation, the Petitioner filed an

15  objection. (Dkt. #26).  Petitioner's objection relates only to his Motion to Enjoin, Es-stop,

16  Remove. Specifically, Petitioner objects to the Magistrate Judge's recommendations related

17  to "the court's dismissal of his civil rights claim added to his habeas corpus petition," and

18  the court's denial of his request to enjoin forcible medication and request for transfer. (Dkt.

19  #26 at 1, 3).  Upon such review, the Court finds Petitioner's objection to be unpersuasive and

20  that the record supports the denial of the motion.   The Court will address both of these

21  portions of the objection in turn.

22  **I. Motion to Enjoin, Es-Stop, Remove**

23  **A. Petitioner's Attempt to Amend His Petition to Add a 42 U.S.C. § 1983 Claim**

24  Petitioner contends that the Court should not dismiss his civil rights claim "added to

25  his habeas corpus petition" because special circumstances exist that require "prompt federal

26  intervention of state confinement," namely the prison's alleged forcible medication of

27

28  [1]This motion appears to have been docketed twice.

1  Petitioner, implantation of a microchip against Petitioner's will, and microwaving of

2  Petitioner.  (Dkt. #26 at 1-2).

3  In reviewing the record de novo, Petitioner does not offer a persuasive argument as

4  to why this Court should grant his Motion to Enjoin, Es-stop, Remove.  As noted by the

5  Magistrate Judge, Petitioner has already filed a petition under 28 U.S.C. § 2254, which has

6  been amended twice since the original filing.  (Dkt. #1, Dkt. #7, Dkt. #10).  The purpose of

7  Petitioner's second amended petition, which was filed November 28, 2007, is undoubtedly

8  to reverse Petitioner's conviction under 28 U.S.C. § 2254 and only raises issues from his

9  criminal trial as a basis for reversal.  The second amended petition does not raise a civil

10  rights cause of action.  In fact, nothing in the most recent petition mentions prison conditions.

11  (Dkt. #10).

12  This Court adopts the Magistrate Judge's finding that the Petitioner's claim under 28

13  U.S.C. § 2254 cannot be converted to a 42 U.S.C. § 1983 claim.  "Habeas corpus proceedings

14  are the proper mechanism for a prisoner to challenge the 'legality or duration' of

15  confinement."  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (citing Preiser v. Rodriguez,

16  411 U.S. 475, 484 (1973)).  "A civil rights action, in contrast, is the proper method of

17  challenging 'conditions of . . . confinement.'"  Id. (citing Preiser at 498-499).  The Court

18  agrees with the Magistrate Judge's recommendation that this motion be denied without

19  prejudice to raising this claim in a 42 U.S.C. § 1983 civil rights action.

20  **B. Petitioner's Attempt to Enjoin Forcible Medication and Request for Transfer**

21  This Court also conducted a de novo review of the record regarding Petitioner's

22  request to be transferred to the Maricopa County Medical Center and his attempt to enjoin

23  prison staff from forcibly medicating him.  As previously stated, the issues in Petitioner's suit

24  are limited to those related to 28 U.S.C. § 2254 as enumerated in his second amended

25  petition.  As the Magistrate Judge noted, an injunction is only fitting when the intermediate

26  relief that it grants is of the same character as the relief that may be granted finally, and relief

27  is improper when requested for matters that are wholly outside issues in the petition.

28  DeBeers Consol. Mines v. United States, 325 U.S. 212, 220 (1945); Kaimowitz v. Orlando,

1   Fla., 122 F.3d 41, 43 (11ᵗʰ Cir.), amended, 131 F.3d 950 (11ᵗʰ Cir. 1997).  Before obtaining

2   injunctive relief, the party must "establish a relationship between the injury claimed in the

3   party's motion and the conduct asserted in the complaint."  Devose v. Harrington, 42 F.3d

4   470, 471 (8ᵗʰ Cir. 1994).  Petitioner did not establish any relationship between the injury

5   claimed in his petition and his Motion to Enjoin, Es-stop, Remove.  As the Magistrate Judge

6   correctly notes, Petitioner's Motion to Enjoin, Es-stop, Remove concerns events unrelated

7   to the issues presented in his second amended petition and furthermore, it concerns conduct

8   of persons other than Defendants.

9          The Court will adopt the Magistrate Judge's recommendation that Petitioner's Motion

10  to Enjoin, Es-stop, Remove be denied without prejudice.

11  **II.  Petitioner's Motion to Restore Record**

12         The Magistrate Judge considered Petitioner's Motion to Restore Record in his Report

13  and Recommendation and recommended that it be denied.  Because Petitioner did not object

14  to this denial, this Court need not conduct a de novo review of the Magistrate Judge's

15  determination.  Jones, 207 F.3d 557 at 562.  In the absence of an objection to a portion of the

16  Report and Recommendation, the Court "must 'only satisfy itself that there is no clear error

17  on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life

18  & Acc. Ins. Co., 416 F.3d 310, 315 (4ᵗʰ Cir. 2005) (citing Fed. R. Civ. P. 72 Advisory

19  Committee Note).  This Court finds no clear error and will adopt the Magistrate Judge's

20  recommendation that Petitioner's Motion to Restore Record be denied without prejudice.

21  **Accordingly,**

22         **IT IS HEREBY ORDERED** adopting the Magistrate Judge's Report and

23  Recommendation in its entirety.  (Dkt. #25).

24         **IT IS FURTHER ORDERED** denying without prejudice Petitioner's Motion to

25  Enjoin, Es-Stop, Remove.  (Dkt. #19).

26         **IT IS FURTHER ORDERED** denying without prejudice Petitioner's Motion to

27  Restore Record.  (Dkt. #20).

28

- 4 -

1          **IT IS FURTHER ORDERED** granting Petitioner's Motion to Consider Exhibits in

2   Totality.  (Dkt. #34, 36).

3          DATED this 1st day of March, 2009.

4

5

6          _____
                    Mary H. Murguia
7               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -