IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WAYNE M. MILLER,<br><br>    Petitioner,<br><br>vs.<br><br>CARSON MCWILLIAMS, et al.,<br><br>    Respondents. | No. CV 07-1461-PHX-MHM (BPV)<br><br>**REPORT AND**<br>**RECOMMENDATION** |

On July 30, 2007, Petitioner, Wayne M. Miller, an inmate confined in the Arizona State Prisons Complex - Florence, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to Title 28, U.S.C. § 2254. (Doc. No. 1.)[1] On October 4, 2007, Miller filed an Amended Petition. On October 10, 2007, the Court dismissed the Petition, and on October 24, 2007, the Court dismissed the Amended Petition with leave to amend. Miller filed a Second Amended Petition (Doc. No. 10) on November 28, 2007. The Court called for an answer to the Second Amended Petition. (Doc. No. 13.)

On March 3, 2009, the District Court adopted this Court's Report and Recommendation that Miller's "Motion to Enjoin, Es-stop, Remove"(Doc. No. 19) and "Motion to Restore Record" (Doc. No. 20) be denied without prejudice, and

---

[1] "Doc. No." refers to documents in this Court's file.

granted Miller's Motion to Consider Exhibits in Totality (Doc. Nos. 34, 36). (Doc. No. 38.)

In addition to the habeas petition, Miller's Motions for Order to Show Cause are pending before the Court. (Doc. Nos. 39, 40.)[2] Respondents have filed a response in opposition thereto (Doc. No. 41), and Petitioner has filed a reply (Doc. No. 42).

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition in its entirety.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Trial Court Proceedings

On June 25, 1998, Miller was charged by the Grand Jurors of Pinal County, Arizona, with four counts of aggravated assault, in violation of Arizona statutes, all class 3 dangerous felonies. (Answer, Ex. A.)

On February 2, 2002, after seven days of trial, Miller was convicted by a jury of one count of aggravated assault. (Answer, Ex. B.) The trial court declared a mistrial as to the other three counts. (*Id*.)

On March 5, 2002, the trial court sentenced Miller to an aggravated sentence of 10 years' imprisonment in the Arizona Department of Corrections. (*Id*., Ex. E.) The State moved to dismiss the remaining counts on March 28, 2002, (Answer, Ex. C), and the trial court granted the motion on April 1, 2002, dismissing the remaining counts without prejudice. (Answer, Ex. D.)

### B. Appeal

Notice of appeal was timely filed on March 20, 2002. (Answer, Ex. G.) Miller raised four issues on appeal. (Answer, Ex. H.) A supplemental argument was filed

---

[2] Duplicate motions were filed.

by appellant, raising one additional claim. (Answer, Ex. I.) The Arizona Court of Appeals affirmed Miller's conviction and sentence on direct appeal. (Answer, Ex. J.)

Miller filed a petition for review and motion for reconsideration[3]. (Answer, Ex. K.) On April 15, 2004, the Supreme Court denied review. (Answer, Ex. L.) The mandate issued on July 9, 2004. (Answer, Ex. M.)

C. First Petition for Post-Conviction Relief

On May 18, 2004, Miller's notice of post-conviction relief was filed. (Answer, Ex. N.) Miller's first petition for post-conviction relief was received on September 2, 2004. (Answer, Ex. O.) The trial court noted that the petition for post-conviction relief did not conform to Rule 32.5, exceeding 25 pages in length, that the petition was not filed within 90 days of sentencing, and finally, that most, if not all, of the issues raised were raised on direct appeal and relief was denied by the Court of Appeals. (Answer, Ex. P at 1.) The trial court noted that Miller was proceeding *pro se*, and allowed him some leeway, and ordered the petition filed on September 30 2004. (*Id*) On February 14, 2005, the trial court dismissed the petition as untimely, and because the issues were precluded. (Answer, Ex. Q.) Alternatively, the trial court found no basis to any of Miller's arguments that he was being detained illegally. (*Id*) On June 23, 2005, Miller filed a petition for review with the Arizona Court of Appeals. (Answer, Ex. R.) Miller also filed that same date an "Appeal of Defendants Habeous [sic] Corpus Petition." (Answer, Ex. S.) The court of appeals denied review on May 12, 2006, citing as its basis for denial Ariz.R.CrimP. 32.9(c)(1) and the strict prohibition on the incorporation of any material other than record documents supporting the petitioner's claims and included in an appendix. (Appendix, Ex. T.) The court of appeals found insufficient Miller's petition for review "which simply

---

[3] This was one document filed in the court of appeals as both the petition for review to the Arizona Supreme Court, and a motion for reconsideration by the court of appeals.

-3-

directs this court to 'see Issues' and 'see Facts' raised in the petition below." (*Id*) A Petition for reconsideration was filed on June 6, 2006 (Answer, Ex. U), and denied by the court of appeals on June 20, 2006. (Answer, Ex. V.) No petition for review was filed, and the court of appeals issued its mandate on July 25, 2006. (Answer, Ex. W.)

### D. First Federal Habeas Petition and Amended Petitions

Miller filed his first petition for post-conviction relief in District Court on July 24, 2007.[4] (Doc. No. 1.) The second amended petition was filed on November 28, 2007, and contains sixty-six (66) claims. (Doc. No. 10.) The District Court listed these claims in the screening order (Doc. No. 13) issued on January 28, 2008, and they will not be re-listed here. Respondents filed an Answer with Exhibits A through W attached on August 5, 2008. (Doc. No. 31.) A Reply, including attached exhibits, was filed by Miller on September 12, 2008. (Doc. No. 32.)

## II. DISCUSSION

### A. Standard of Review

Because Miller filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

### B. Timeliness

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

---

[4] Respondents concede that, under the prison mailbox rule, July 24, 2007, the date Miller's petition was given to prison officials to be mailed, is deemed the constructive date of filing. (Doc. No. 31 at 4.)

-4-

The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. *See* 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief. 28 U.S.C. § 2244(d)(2).

An application contemplated by section 2244(d)(2) is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000) (footnote omitted). The United States Supreme Court has held that untimely state post-conviction petitions are not "properly filed" under AEDPA, and do not toll AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. [5] *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997), *overruled, in part, on other grounds by*, *Calderon v. United States Dist. Ct. (Kelly)* 163 F.3d 530, 540 (9th Cir.1998). Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.*; *see also, Miranda v. Castro,* 292 F.3d 1063, 1067 (9th Cir.2002)(stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high,

---

[5] Although the Court recognizes that Respondents have raised an argument that equitable tolling is no longer available, in view of the Supreme Court's recent decision in *Bowles v.Russell*, 127 S.Ct. 2360 (2007), the Court need not resolve that issue because Miller does not satisfy the requirements for such tolling.

lest the exceptions swallow the rule.") (citations omitted); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). The extraordinary circumstances requirement is a "high hurdle," *see Calderon (Beeler)*, 128 F.3d at 1289, and policy considerations counsel against equitable tolling. *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir.2007).

    C.    <u>Analysis</u>

The Magistrate Judge finds that, pursuant to the AEDPA, the Petition filed in this Court is untimely. Miller had until one year after his conviction and sentence became final to file his federal petition.

    *1.    Limitation Period Under § 2244(d)(1)(A)*

Miller's conviction and sentence became final on July 14, 2004, ninety (90) days after the Arizona Supreme Court denied Miller's petition for review of his direct appeal, when the time for filing a writ of certiorari to the United States Supreme Court had expired. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, Miller was required to file his petition for writ of habeas corpus within one year of the date his convictions became final, *i.e.*, one year from October July 14, 2004, absent statutory tolling.

### 2. *Statutory Tolling*

The limitations period was tolled immediately, however, by the pendency of Miller's petition for post conviction relief. *See* 28 U.S.C. § 2244(d)(2). The notice of post-conviction relief had been filed in the trial court on May 18, 2004, prior to the conclusion of direct review. There was no gap between the conclusion of direct review, and Miller's properly filed notice of petition for post-conviction review. *See Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054 (9th Cir. 2004)(State petition is "pending" within the meaning of 28 U.S.C. § 2244(d)(2) when properly filed notice of post-conviction relief is filed.). Thus, the issue is not when direct review became final under § 2244(d)(1)(A), rather, this Court must determine how long Miller's petition for post-conviction relief was "pending" for purposes of tolling the limitations period pursuant to § 2244(d)(2).

The trial court subsequently dismissed Miller's petition for post-conviction relief as untimely. (Exhibit Q.) Respondents assert that, because Miller's petition was denied as untimely, it was not "properly filed," and Miller is not entitled to statutory tolling under § 2244(d)(2) for the time his petition for post-conviction relief was "pending." *see Allen v. Seibert*, 552 U.S. 3 (2007); *Pace*, 544 U.S. at 417. Respondents urge this Court to find that the 1-year statute of limitations began to run when the trial court deemed the petition untimely in September, 2004 when Miller filed his post-conviction petition.

In a recent unpublished decision, the Ninth Circuit stated that it has not addressed "the questions of whether we may review a state court's decision, under state law, that a petitioner's state petition was untimely in the context of determining whether a petition was 'properly filed,' and, if so, what standard of review applies." *Ruiz v. Schriro*, 289 Fed.Appx. 195 (9th Cir. 2008). The Court noted that prior Ninth Circuit decisions assumed that the state court decisions on untimeliness were conclusive. *Id.* at 3-4 (citing *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir.2005)

-7-

(assuming, without addressing the issue, that the California courts' conclusion regarding timeliness is conclusive as to whether the petition was "properly filed" for purposes of § 2244(d)(2)), *as amended*, 439 F.3d 993 (9th Cir.2006), *cert. denied*, 549 U.S. 856 (2006); *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir.2007) (same)). In *Ruiz*, the Court concluded that Ruiz's third state habeas petition was not properly filed regardless of whether the state court's decision was treated as conclusive or reviewed under Arizona law. *Id*. at 4.

In another unpublished decision, the Ninth Circuit found that the Arizona Court of Appeals incorrectly upheld a trial court's dismissal of a petition as time barred, as, under clearly established Arizona law, a petitioner's Rule 32 Petition was "timely filed" the date it was signed and submitted to prison officials for forwarding to the court. *Romaine v. Woods*, 22 Fed.Appx. 838 (9th Cir. 2001). The Ninth Circuit found that the court of appeals conclusion was contrary to clearly established Arizona law, and is therefore not an independent and adequate state ground precluding federal habeas review of the petitioner's claims.

Although the Court believes the better rule is to treat the state courts' determination of untimeliness under Arizona law as conclusive, the Court would conclude that Miller's state habeas petitions were untimely even if the state courts' decisions on untimeliness were reviewed under Arizona law. This is not because this Court finds that the trial court correctly ruled on the timeliness of Miller's petition for post-conviction relief, but, because Miller's petition for review to the court of appeals was not "properly filed" in order to toll the statute of limitations for purposes of filing his federal habeas petition.

The Court of Appeals denied review of the trial court's finding that the Rule 32 petition was time-barred because his petition for review was not filed in compliance with Arizona Rule of Criminal Procedure 32.9. The Court of Appeals did not consider, therefore, that Miller's petition for post-conviction relief was timely

filed under Arizona's prison mailbox rule. *See State v. Rosario*, 195 Ariz. 264 (Ariz. App.1999); *Mayer v. State*, 184 Ariz. 242 (1999). Miller asserts, and Respondents do not contest, that his petition for post-conviction relief was due on August 20, 2004, the same day he gave his petition to prison authorities for mailing. (Doc. No. 10 at 4,10-1 at 2; Doc. No. 32 at 2, 12, 32-1 at 9, 13, )[6] This assertion is supported by the actual filing date of the out-of-state petition, received by Pinal County Superior Court on September 2, 2004. Because the petition was properly filed, AEDPA's one-year statute of limitations would be tolled throughout the time that Miller's properly filed petition was pending in Arizona state court. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

When the trial court denied Miller's petition on February 14, 2005 (Answer, Ex. Q), Miller had thirty days from that date to file a petition for review to the Arizona Court of Appeals. *See* Ariz.R.Crim.P. 32.9 (c). In *Artuz v. Bennett*, the Supreme Court explained that an application is "properly filed" for purposes of § 2244(d)(2) when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." 531 U.S. 4, 8 (2000) (citations omitted).

The court of appeals noted that Arizona law required that a petitioner strictly comply with the provisions of Rule 32.9 or be denied relief. (Answer, Ex. T at 2.) The court of appeals further noted that Rule 32.9(c)(1) expressly forbids incorporation of any material other than record documents supporting the petitioner's claims and included in an appendix. (*Id*. at 2-3.) The court of appeals found Miller's petition for review which directed the court to "see Issues" and "see Facts" raised in the petition below as insufficient to comply with Rule 32.9. (*Id*. at 3.)

---

[6] The page numbers this Court uses to refer to Miller's Amended Petition are the numbers generated by filing in the court's electronic docket due to the confusing pagination of Miller's filing.

-9-

Accordingly, Miller's petition for review was not properly filed for purposes of 2244(d)(2). Miller had thirty days from the trial court's denial of his petition for post-conviction on relief, or until March 16, 2005, to properly file a petition for review. Miller's petition for review was filed on June 23, 2005. (Answer, Ex. R.) It is not clear from the record, but can be assumed since Miller's petition for review was not denied as untimely, that Miller received an extension of time to file his petition for review. Construing all doubt in Miller's favor, both as to the timeliness of his petition for post-conviction relief and this Court's ability to review that State court decision, and as to the timeliness of Miller's petition for review, Miller's "properly filed" petition for post-conviction relief was pending in state court until he filed his non-conforming petition for review on June 23, 2005. Miller had one year from that date to file his federal habeas petition. Thus, his federal habeas petition, filed on July 30, 2007, is untimely.

### 3. *Equitable tolling*

Miller does not make a sufficient showing that there are "extraordinary circumstances" that caused the untimely filing of his Petition. "A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Miller asserts many arguments in his Response that might persuade this Court to recommend equitable tolling for the time period during which his petition for post-conviction relief was pending before the trial court. However, as this Court has already explained, giving the Petitioner the benefit of the doubt and tolling the limitations period while the petition was pending before the trial court does not render the federal habeas petition timely.

Miller also suggests that a "defect for form" should not invalidate a habeas corpus petition. (Doc. No. 32 at 6.) Miller further argues that the court of appeals' refusal to review the petition on account of form is a denial of due process and equal

protection "in light of the fact in Arizona there is no error for form" citing A.R.S. 13-4138, which states that "[n]o writ of habeas corpus shall be disobeyed for defect of form." (*Id*. at 19.) Miller submits that in Arizona there is no error of form of a post-conviction habeas corpus, and that no briefing is necessary or required in the appellate court in review proceedings. (*Id* at 24-25.)

The Supreme Court, in *Artuz v. Bennett*, explained the difference between "filed" and "properly filed" (discussed above) for purposes of § 2244(d)(2). 531 U.S. at 4. An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. *Id.* Although the statute Miller cites does not, on its face, support his premise, (the statute applies to a "writ"of habeas corpus, not an "application for a writ" of habeas corpus) it is irrelevant to the question before this Court. Even if state court rules require that the court clerk "file" a defective petition, the only question this Court is concerned with is when Miller's state habeas petition was "properly filed," *i.e.*, when that petition complied with all filing conditions imposed by Arizona law. *See Zepeda v. Walker*, 2009 WL 2883064, 2 (9th Cir.2009). Miller points to no external forces or extraordinary circumstances that prevented him from complying with Ariz.R.Crim.P. 32.9. Accordingly, this Court finds no cause to equitably toll the limitations period.

D.  Order to Show Cause.

Because the Magistrate Judge recommends that the District Court dismiss this petition as untimely, he does not reach the Petitioner's or Respondent's alternate arguments on procedural default or on the merits of this case. Accordingly the Magistrate Judge recommends that the District Court deny Petitioner's Motion for Order to Show Cause (Doc. Nos. 39, 40) as moot.

### III. RECOMMENDATION

This Court recommends that the District Court, after its independent review of the record, DISMISS this action in its entirety as untimely.

This Court recommends that the District Court, after its independent review of the record, deny Petitioner's Motion for Order to Show Cause (Doc. Nos.39, 40[7] ) as MOOT.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed the parties should use the following case number: **CIV 07-1461-PHX-MHM**.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 30th day of September, 2009.

_____
Bernardo P. Velasco
United States Magistrate Judge

---

[7] Doc. Nos. 39 and 40 appear to be duplicate filings.