**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne M. Miller, | No. CV 07-1461-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Carson McWilliams, et al., | |
| Defendant. | |

On July 30, 2007, Wayne M. Miller ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (2000). (Dkt. #1) Petitioner filed an Amended Petition on October 4, 2007. (Dkt. # 7) The Court dismissed the original Petition on October 10, 2007 and dismissed the Amended Petition with leave to amend October 24, 2007. Petitioner subsequently filed a Second Amended Petition on November 28, 2007. (Dkt. #13) The Court ordered an answer to the Second Amended Petition and referred the matter to Magistrate Judge Bernardo P. Velasco. (Dkt. #13)

The Court adopted Magistrate Judge Velasco's Report and Recommendation to deny without prejudice Petitioner's "Motion to Enjoin, Es-stop, Remove" (Dkt. #19) and "Motion to Restore Record" (Dkt. #20) and to grant Petitioner's "Motion to Consider Exhibits in Totality" (Dkt. #34, #36, #38)

On October 23, 2009, the Court denied Petitioner's two Motions for Order to show Cause. (Dkt. #39, #40, #45)  The Court found these Motions "premature and untimely" because the Court's January 28, 2008 Order had limited Respondents' answer to "a discussion of timeliness, exhaustion, and procedural default" and as a result, the Magistrate Judge's Report and Recommendation was likewise limited. (Dkt. #45) The Court stated that if Respondents' procedural arguments were unpersuasive, it would order additional briefing on the merits of Petitioner's claims. (Dkt. #45)

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The relevant facts, as stated in Magistrate Judge Velasco's Report and Recommendation, are as follows.

**A. Trial Court Proceedings**

On June 25, 1998, in Pinal County, Arizona, Petioner was charged with four counts of aggravated assault, each count a class 3 dangerous felony. (Dkt. #31, Exh. A) The charge stemmed from Petitioner's firing four gun shots at a car containing four teenagers who had mistakenly driven onto his property late at night, injuring two of the occupants of the vehicle. (Dkt. #31, Exh. J at 2)

After a seven-day jury trial, Petitioner was convicted of one count of aggravated assault. (Dkt. #31, Exh. B) The jury was unable to reach a verdict on the other three counts. (Id.) On March 5, 2002, the trial court sentenced Petitioner to an aggravated sentence of 10 years imprisonment in the Arizona Department of Corrections (Dkt. #31, Exh. E) and granted the State's motion to dismissing the remaining counts without prejudice. (Dkt. #32, Exh. D).

**B. Appeal**

On March 20, 2002, Petitioner filed a timely notice of appeal. (Dkt. #31, Exh. G) On direct appeal, Petitioner was represented by counsel, and raised four issues in his opening brief and an additional claim in a supplemental argument. (Dkt. #31, Exh. G, H)  In a ten-page memorandum decision, the Arizona Court of Appeals affirmed Petitioner's conviction and sentence. (Dkt. #31, Exh. J)

Petitioner subsequently filed a motion for reconsideration with the Court of Appeals and a Petition for Review with the Arizona Supreme Court.[1]  (Dkt. #31, Exh. K) The Supreme Court denied review on April 15, 2004, (Dkt. #31, Exh. L) and the mandate issued from the Arizona Court of Appeals on July 9, 2004.  (Dkt. #31, Exh. M)

**C. First Petition for Post-Conviction Relief**

Petitioner filed his notice of post-conviction relief on May 18, 2004 (Dkt. #31, Ex. N) and his first pro se petition for post-conviction relief on September 4, 2004.  (Dkt. #31, Exh. O)  After reviewing the petition, the trial court issued a minute entry on September 30, 2004 noting that the petition did not conform to Rule 32.5 in that it exceeded 25 pages in length, was untimely because it was not filed within 90 days of sentencing, and consisted primarily of issues previously raised on direct appeal.[2]  (Dkt. #31, Exh. P at 1)  However, because Petitioner had "fired" the attorney appointed to represent him on appeal, the court gave petitioner "some leeway," and ordered the petition filed regardless.  (Id.)

On February 14, 2005, the trial court issued a "Ruling on the Motion(s)/Issue(s)" (Dkt. #31, Exh. Q) ordering that the petition be denied because (1) it was not timely filed and (2) Petitioner ignored the fact that all the issues raised were or could have been raised in a prior appeal, and thus were precluded.  (Id.)  The trial court further found that there was no legal basis for Petitioner's assertions that he was being detained illegally, making habeas relief inappropriate, and thus dismissed the petition in its entirety.  (Id.)

On June 23, 2005, Petitioner filed a petition for review with the Arizona Court of Appeals, and an "Appeal of Defendants Habeous [sic] Corpus Petition."  (Dkt. #31, Exh. R, S)  On May 12, 2006, the Arizona Court of Appeals denied review, citing the Arizona

---

[1] The Motion for Reconsideration and Petition for Review were both included in one 38-page document filed with the Arizona Supreme Court.  (Dkt. #31, Exh. K at 1)

[2] Ariz. R. Crim. P. 32.2, relating to preclusion of remedy, states: "A defendant shall be precluded from relief under this rule based upon any ground . . . [r]aisable on direct appeal under Rule 31 [which governs appeals to the Arizona Supreme Court or Court of Appeals] or . . . [f]inally adjudicated on the merits on appeal or in any previous collateral proceeding."

Supreme Court's requirement that petitioners strictly comply with the requirements of Rule 32 or be denied relief, as failure to comply with the requirements of Rule 32 will be deemed waiver of a claim. (Dkt. #31, Exh. T) The Court of Appeals specifically noted Petitioner's failure to comply with Ariz. R. Crim. P. 32.9 which "expressly prohibits the incorporation of any material other than record documents supporting petitioner's claims and included in an appendix," and the inadequacy of his petition, "which simply directs this court to 'see Issues' and 'see Facts" raised in the petition below." (Id.)

Petitioner filed a petition for reconsideration on June 6, 2006. (Dkt. #31, Exh. U) The Court of Appeals denied it on June 20, 2006. (Dkt. #31, Exh. V) Petitioner filed no petition for review, and the Court of Appeals issued its mandate on July 25, 2006. (Dkt. #31, Exh. W)

### D. Federal Habeas Petitions

Petitioner filed his first petition for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 on July 24, 2007. (Dkt. #1) Petitioner filed a First Amended Petition (Dkt. #7), and then, pursuant to the Court's order, a Second Amended Petition on November 28, 2007, listing sixty-six claims (Dkt. #10). These claims are listed in the Court's screening order, (Dkt. #13) and will not be recounted here. Consistent with the screening order, respondents filed an Answer limited to affirmative defenses, such as timeliness, exhaustion, and procedural default. (Dkt. #31) Petitioner filed a Reply (Dkt. #31).

On September 30, 2009, Magistrate Judge Velasco issued a Report and Recommendation, recommending that the Court dismiss the Petition in its entirety. (Dkt. #43) Petitioner filed extensive Objections to the Report and Recommendation. (Dkt. #44)

## II. STANDARD OF REVIEW

A district court must review the legal analysis in a Magistrate Judge's Report and Recommendation *de novo*. See 28 U.S.C. § 636(b)(1)(C). In addition, a district court must review the factual analysis in the Report and Recommendation *de novo* for those facts to which objections are filed. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.

2003) (en banc); see also 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

## II. DISCUSSION

### A. Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on state prisoners seeking federal habeas relief from state convictions. See Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2000). The statute of limitations period begins to run at "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

AEDPA provides that a petitioner is entitled to the tolling of the statute of limitations during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2); see also Artuz v. Bennet, 531 U.S. 4, 8 (2000). An application for State post-conviction review is "properly filed" within the meaning of the statute "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually proscribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz, 531 U.S. at 8. An untimely state post-conviction petition is not "properly filed" under the AEDPA and thus does not toll the AEDPA's statute of limitations. Pace v. DiGuglielmo, 544 U.S. 408 (2005).

The Report and Recommendation found that the Petition was untimely as it was not filed within one year after Petitioner's conviction and sentence became final, absent statutory tolling, as required by the AEDPA. The Court agrees.

1         Petitioner's sentence became final on July 14, 2004, 90 days after the Arizona Supreme Court denied his petition for review of his direct appeal, when the time for filing a writ of certiorari to the United States Supreme Court had expired. See Bowel v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Therefore Petitioner had one year from that date to file his petition for a federal writ of habeas corpus.

        However, Petitioner filed a petition for post-conviction relief with the trial court on May 18, 2004, thus immediately beginning to toll the statute of limitations. 28 U.S.C. § 2244(d)(2). Because no gap existed between the judgement becoming final and the petition for post-conviction review, no time was taken off the statute of limitations, and Petitioner's petition for post-conviction relief was considered pending within the meaning of § 2244(d)(2). Isley v. Arizona Dept. of Corrections, 383 F.3d 1054, 1055 (9th Cir 2004) (holding that review is "pending" under §2244, and therefore begins tolling the statute of limitations, as soon as a notice of post-conviction relief is filed pursuant to under Ariz. R. Crim. P. 32.4(a)). Thus, the task of the Court is not to consider when direct review became final under § 2244(d)(1)(A), but for how long Petitioner's petition for post-conviction relief was "pending" for the purposes of tolling the statute of limitations pursuant to § 2244(d)(2).

        Respondents urge the court to find that, because Petitioner's petition for post-conviction relief was dismissed as untimely (Dkt. #31, Exh. Q), it was not considered "properly filed," and thus Petitioner should not be entitled to statutory tolling under § 2244(d)(2) for the time that his petition for post-conviction relief was pending. (Dkt. #31 at 6) Petitioner therefore would have had until September of 2005 to timely file his federal habeas petition, making his July 24, 2007 petition untimely. (Dkt. #31 at 7) Petitioner, on the other hand, contends that his Petition for post-conviction relief was timely under Arizona law, and that he is therefore entitled to statutory tolling for the period his petition for post-conviction relief was pending. (Dkt. #32 at 1, 2, 7, 25-27; Dkt. #44 at 13-14)

        As discussed in the Report and Recommendation, the Ninth Circuit in a recent unpublished decision stated that Ninth Circuit cases "have not addressed the question of whether we may review a state court's decision, under state law, that a petitioner's state

petition was untimely in the context of determining whether a petition was 'properly filed,' and, if so, what standard of review applies." Ruiz v. Schiro, 289 Fed. Appx.195, 2008 WL 3305322 (9th Cir. 2008). The court cited as examples prior Ninth Circuit decision that have assumed state court decisions on untimeliness were conclusive. Id. at 196 (citing Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir.2005), as amended, 439 F.3d 993 (9th Cir.2006), cert. denied, 549 U.S. 856 (2006); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007)). Ultimately, the court held that the federal habeas petition was untimely because the petitioner's third state habeas petition was not properly filed, regardless of whether the state court's decision was treated as conclusive or reviewed under Arizona law. Id. at 196-97.

By contrast, in a 2001 unpublished decision, the Ninth Circuit found that the Arizona Court of Appeals incorrectly upheld a trial court's dismissal of a habeas petition as time barred, when, under clearly established Arizona law, the petitioner's Rule 32 petition was "timely filed." Romaine v. Woods, 22 Fed. Appx. 838, 2001 WL 1563675 (9th Cir. 2001). The Ninth Circuit found that because the Arizona Court of Appeals conclusion was contrary to clearly established Arizona law, it was therefore not an independent and adequate state ground precluding federal habeas review of the petitioner's claims. Id.

The Court however agrees with the Report and Recommendation that apart from the issue of whether or not Petitioner's petition for post-conviction relief was timely filed, his federal habeas petition is still untimely. As in Ruiz, this decision hinges not on the timeliness of his petition for post-conviction relief, but on the fact that his subsequent petition for review was not "properly filed" within the meaning of § 2244(d)(2). Petitioner is therefore not entitled to statutory tolling for that period of time, which renders his federal habeas petition untimely.

In any event, even assuming arguendo that this court has discretion to review state court determinations of timeliness, Petitioner's petition for post-conviction relief does appear to have been timely filed under Arizona's prison mailbox rule. See State v. Rosario, 195 Ariz. 264 (App. 1999); Mayer v. State, 184 Ariz. 242 (1999). Petitioner asserts, and Respondents do not contest, that his petition for post-conviction relief was due on August 20,

2004, the day he gave it to prison authorities for mailing. (Dkt. #10 at 4, #10-1 at 2; Dkt. #32 at 2, 12; #32-1 at 9, 13)[3] Considering that it was mailed to Pinal County Superior Court from Petitioner's out of state prison, the actual date of receipt, September 2, 2004, is consistent with Petitioner's assertion. (Dkt. #31, Exh. O)

The trial court denied Petitioner's petition for post-conviction relief on February 14, 2005. (Dkt. #31, Exh Q) Petitioner had 30 days, or until March 16, 2005, to properly file a petition for review with the Arizona Court of Appeals. Ariz. R. Crim. P. 32.9(c). Petitioner did not file the petition for review until June 23, 2005, which, absent a showing that he was given an extension of time to file the petition, would make it untimely, and thus not "properly filed" for the purposes of § 2244(d)(2).

In ruling on the subsequent petition for review, however, the Arizona Court of Appeals did not review the trial court's determination that Petitioner's petition for post-conviction relief was time-barred, nor did the court dismiss the petition for review as untimely.[4] (Dkt. #31, Exh. T) Instead, the court rejected the petition on the grounds that it failed to comply with Arizona Rule of Criminal Procedure 32.9. (Id. at 2) The court noted that the Arizona Supreme Court has held that petitioners must "strictly comply with the provisions of Rule 32 or be denied relief," and that this "requirement of strict compliance" extends to Rule 32.9, which governs petitions for review filed with the Arizona Court of Appeals. (Id.) Rule 32.9(c)(1) was amended in 2000 to expressly prohibit the incorporation of any material other than record documents supporting petitioners claims and included in an appendix. (Id.) The court found that Petitioner's petition for review, which simply

---

[3] Like the Report and Recommendation, the page numbers the Court uses to refer to Petitioner's Amended Petition (Dkt. #10) are the numbers generated by filing in the court's electronic docket due to the confusing pagination of Petitioner's filing.

[4] Petitioner claims in his Objections to the Report and Recommendation that he did not receive a copy of the court's February 15, 2005 ruling, and only discovered the ruling by calling the clerk's office on or about May 20, 2005. (Dkt. #44 at 13-14) Petitioner says he then filed a Motion to Accept the Filing [of the Petition for Review] Late. (Id. at 14)

- 8 -

directed the appellate court to "see Issues" and "see Facts" raised in the petition below was not compliant with Rule 32.9. (Id. at 3)

In Artuz v. Bennett, the U.S. Supreme Court stated that an application for state post-conviction review is "*properly* filed" for the purposes of 2244(d)(2) when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the *form of the document*, the *time limits* upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." 531 U.S. at 8 (emphasis added). Construing all doubt in Petitioner's favor, assuming (1) this court has discretion to review the state court's determination of the timeliness of his petition for post-conviction relief, (2) the petition for post-conviction relief was timely under Arizona's prison mailbox rule, and (3) the Arizona Court of Appeals' silence on the issue of timeliness implies that Petitioner received some type of extension that allowed his petition for review to be considered timely, Petitioner's federal habeas petition is still untimely because the petition for review was not "properly filed" as required to toll the statute of limitations. Arizona Rule of Criminal Procedure 32.9(c)(1) undoubtedly prescribes "the form of the document" referenced in Artuz, and as the Arizona Court of Appeals made expressly clear, Petitioner's petition for review was not in compliance with the rule. See also Gaston v. Palmer, 417 F.3d 1030, 1039 (9th Cir. 2003) (holding that petitioner's application was "properly filed" for the purposes of § 2244 tolling when it was *not* "time-barred, lodged in the wrong court or office, or *formatted improperly*" (emphasis added)). Therefore, because of its non-compliance with Rule 32.9, his petition was not "properly filed" for the purposes of 2244(d)(2), and the time this part of the appeal was pending did not toll the statute of limitations.

Petitioner had properly filed applications pending until he filed his non-conforming petition for review with the Arizona Court of Appeals on June 23, 2005. (Dkt. #31, Exh. R) On that date, the AEDPA's one-year statute of limitations began to run pursuant to § 2244(d)(1). Thus, his federal habeas petition, filed on July 20, 2007, is untimely.

Petitioner in his objections contends that in order for his petition for review to not be considered "properly filed," the Court of Appeals was "required" by Rule 31.19(c) and 32.5

- 9 -

to designate the error and return the petition. (Dkt. #44 at 11) This is an erroneous interpretation of Rule 31.19, which states plainly that a petition for review that does not substantially comply with the rule "*may*, at the *discretion* of the clerk of the appellate court, be returned to the petitioner by the clerk with written instructions to the petition to file a proper petition within 30 days." Ariz. R. Crim. P. 31.19(c) (emphasis added). Whether or not to return the petition is within the discretion of the appellate court, and there is no evidence to support a relationship between this discretionary function of the state appellate court and whether the petition is "properly filed" for the purposes of § 2244(d)(2). Morever, Rule 31 does not govern the instant petition for review from the denial of a petition for post-conviction relief, as Rule 31 governs direct appeals from Superior Court, not Rule 32 petitions for post-conviction relief. See Ariz. R. Crim. P. 31.1 (describing the scope of Rule 31).

Similarly, Rule 32.5 governs the contents and procedure of the original petition for post-conviction relief, and thus is not applicable to the petition for review Petitioner refers to. A petition for review is governed by the requirements in Rule 32.9(c), which Petitioner did in fact fail to comply with. The references to Rule 31.19(c) and 32.5 are thus in error.

Petitioner also objects to the Report and Recommendation's support of the Arizona Court of Appeals finding that his petition for review did not conform to Rule 32.9. (Dkt. #44 at 11) He claims that "did set out the facts" in an "appellate statement" and that he did not incorporate non-record documents. (Id.) However, a review of Petitioner's petition for review shows clearly that he referred the court to "see Issues in Habeas Corpus Petition" (which is what he titled the petition for post-conviction relief) and to "see Facts presented in each Issue in Petition." (Dkt. #31, Exh. R at 2) The Court of Appeals addressed this and found it inadequate, citing State v. French, 180 Ariz. 429, 432, 885 P.2d 117, 120 (App. 1994), disproved on other ground by Stewart v. Smith, 202 Ariz. 446, 46 P.3d 1067 (2002), which rejected a petition for review because the petitioner "utterly fail[ed] to comply with Rule 32.9" when he "simply refer[red] to the memoranda filed below, incorporating them by reference." (Dkt. #31, Exh. T at 2)

Likewise, contrary to Petitioner's contention, the petition for review does incorporate non-record documents, which he admits he included "for easy understanding." (Dkt. #44 at 12) Petitioner included both a copy of Rule 32 as his "Exhibit 2," and the first page of a Westlaw print out Stewart v. Smith, as "Exhibit 3." (Dkt. #31, Exh. R) The most logical reading of the Arizona Court of Appeals denial of the petition for review is that the court considered this "material other than record documents" (Dkt. #31, Exh. T at 2), and this Court will not disturb that ruling.

Petitioner's other objections to the Report and Recommendation are without merit, moot, or irrelevant to the dispositive issues.

**B. Equitable Tolling**

Having found that Petitioner is not entitled to statutory tolling, the Court must now consider whether Petitioner is entitled to equitable tolling.[5]

Equitable tolling is available only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir.1998). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999). Under AEDPA, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Accordingly, cases in which the Ninth Circuit has found extraordinary circumstances are rare and generally limited to those in which a serious mistake by a government official, counsel,

---

[5] Respondents construe Bowles v. Russell, 127 S.Ct. 2360 (2007), as depriving a federal appellate court of subject-matter jurisdiction when a habeas petitioner files an untimely notice of appeal, because "time limits enacted by Congress" are "jurisdictional," thus depriving the court of the ability to create equitable exceptions to "jurisdictional" requirements. (Dkt. #31 at 7-8) However, as Respondents themselves admit, this argument was not only expressly rejected by the Second Circuit in Diaz v. Kelly, 5115 F.3d 149 (2d Cir. 2008), but the Ninth Circuit has *clearly* held that equitable tolling applies to federal habeas petitions. See Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

or court prejudices the plaintiff. See e.g., Harris v. Carter, 515 F.3d 1051, 1054–57 (9th Cir. 2008) (petitioner was entitled to equitable tolling because he relied on the Ninth Circuit's legally erroneous holding in determining when to file a federal habeas petition); Corjasso v. Ayers, 278 F.3d 874, 877–79 (9th Cir. 2002) (equitable tolling warranted where district court mishandles a petition causing it to be untimely).

Petitioner does not in any of his filings describe the types of extraordinary circumstances or external forces that are required for a finding of equitable tolling.[6] Specifically, Petitioner describes no extraordinary circumstances or external forces that made it impossible for him to comply with Rule 32.9 when filing his petition for review. He argues generally in his objections to the Report and Recommendation that issues with lack of access to photocopying, optimal forms, and a law library in prison prejudiced him. (Dkt. #44 at 6, 11) However, "[a] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry December 18, 2009v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Thus, Petitioner is not entitled to equitable tolling, and his petition is untimely.

**Accordingly,**

**IT IS HEREBY ORDERED** adopting the Report and Recommendation of the Magistrate Judge in its entirety as the order of this Court. (Dkt. #43)

**IT IS FURTHER ORDERED** denying and dismissing the Second Amended Petition for Writ of Habeas Corpus with prejudice. (Dkt. #10)

**IT IS FURTHER ORDERED** denying Petitioner's Certificate of Appealability and Leave to Proceed *In Forma Pauperis*, as Petitioner has not made a substantial showing of the denial of a constitutional right.

///

---

[6] The Court agrees with the Report and Recommendation that Petitioner's arguments relating to "defect for form" are without merit, (Dkt. #43 at 10-11) but declines to discuss them at length here.

**IT IS FURTHER ORDERED** denying Petitioner's Motion for a Certificate of Appealability. (Dkt. #46)

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 25th day of January, 2010.

_____
Mary H. Murguia
United States District Judge